**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

JAH JAH BEY,                                       *

      Plaintiff,                              *

v.                                                           *

                                      **Civil Case No.: PWG-13-279**

FAIR COLLECTIONS & OUTSOURCING, *

      Defendant.                           *

                                    *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM OPINION**

This Memorandum Opinion addresses Plaintiff Jah Jah Bey's Motion for Partial Summary Judgment, ECF No. 23; Defendant Fair Collections & Outsourcing's ("FCO") Opposition, ECF No. 28; and Plaintiff's Reply, ECF No. 30; as well as Defendant's Motion for Summary Judgment, ECF No. 38; and Plaintiff's Opposition, ECF No. 40.  Defendant has not filed a reply, and the time for doing so has passed.  *See* Loc. R. 105.2.  Having reviewed the filings, I find that a hearing is unnecessary.  *See* Loc. R. 105.6.  For the reasons stated below, Plaintiff's Motion for Partial Summary Judgment IS DENIED, and Defendant's Motion for Summary Judgment IS DENIED.

**I.    BACKGROUND**

Mr. Bey signed a month-to-month lease ("Lease") for an apartment on August 1, 2009 and resided in the apartment through November 31, 2009. [1]  Compl. ¶¶ 8 & 12, ECF No. 1; Pl.'s

---

[1] In reviewing the evidence related to a motion for summary judgment, the Court considers undisputed facts, as well as the disputed facts viewed in the light most favorable to the non-moving party. *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009); *George & Co., LLC v. Imagination*

Mot. ¶¶ 11–12; Def.'s Mem. 1.   The Lease provided that it would "automatically renew month-to-month unless either party gives at least 60 days written notice of termination or intent to move out . . . ." Lease ¶ 3, Def.'s Opp'n Ex. C, ECF No. 28-3.   On October 8, 2009, Plaintiff notified the lessor that he was moving out on November 31, 2009.   Pl.'s Oct. 8, 2009 Ltr., Def.'s Opp'n Ex. D, ECF No. 28-4.   According to Plaintiff, he "paid in-full all outstanding balances correlated to [the Lease]" Compl. ¶ 11, including paying rent for August, September, October, and November, Pl.'s Mot. ¶¶ 13–16.   According to Defendant, the Lease obligated Plaintiff to pay rent through December, 2009, but Plaintiff paid neither November nor December's rent.   Def.'s Mem. 1–2; *see* Resident Ledger 2–4, Def.'s Opp'n Ex. A, ECF No. 28-1; Lease ¶ 3.   The lessor hired FCO to collect the debt that Plaintiff allegedly owed the lessor.   Def.'s Mem. 2.

In January 2012, Plaintiff "obtained an up to date copy of his credit report from Transunion, Experian, and Equifax" (the "Credit Reporting Agencies") and "became aware that 'FCO' had been reporting a derogatory outstanding debt of 2,493.00 . . . on his personal credit files." Compl. ¶¶ 16–17.   In Plaintiff's view, this debt "was false and incorrect." *Id.* ¶ 18.   The reported debt increased to $5,579.00.   Pl.'s Mot. 1; Def.'s Mem. 2.   Defendant insists that it reported the debt that Plaintiff actually owed. Def.'s Mem. 2–3; *see* Resident Ledger; Lease; Nov. 11, 2009 Ltr. to Pl., Def.'s Mem. Ex. B, ECF No. 28-2; Oct. 8, 2009 Ltr. from Pl.   Plaintiff alleges that he inquired about the debt on March 31, 2012 and again on April 18, 2012, Compl. ¶¶ 19 & 23, but FCO did not respond, *id.* ¶ 26.   Plaintiff them "forwarded a detailed dispute" regarding the debt to the Credit Reporting Agencies, which forwarded the dispute to FCO.   *Id.*

---

*Entm't Ltd.*, 575 F.3d 383, 391–92 (4th Cir. 2009); *Dean v. Martinez*, 336 F. Supp. 2d 477, 480 (D. Md. 2004).   "On cross motions for summary judgment, 'each motion [is] considered individually, and the facts relevant to each [are] viewed in the light most favorable to the non-movant.'" *Lynn v. Monarch Recovery Mgmt., Inc.*, No. WDQ-11-2824, 2013 WL 1247815, at *1 n. 5 (D. Md. Mar. 25, 2013) (quoting *Mellen v. Bunting*, 327 F.3d 355, 363 (4th Cir. 2003)).

¶¶ 27–28.  Plaintiff insists that FCO continued to report the debt, even though it "knew that the information furnished" regarding Plaintiff's alleged debt "was being reported incorrectly."  *Id.* ¶¶ 29–30.  FCO maintains that it investigated the debt and, finding it to be legitimate, reported it as a debt that the consumer disputed.  Def.'s Mem. 2–3.

Plaintiff filed suit against Defendant, alleging defamation and violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e & 1692f, and the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) ("FCRA").  Compl.  He submitted a "Verification of Complaint Affidavit" along with his Complaint, in which he stated that "each fact alleged [in his Complaint] is true and correct of [his] own personal knowledge."  ECF No. 1-1.  Plaintiff then moved for summary judgment on liability on his FDCPA and FCRA claims.  Pl.'s Mot. 2.  He submitted a notarized "Verification of Plaintiff's Motion for Partial Summary Judgment" along with his motion, in which he stated that "each fact alleged [in his Motion] is true and correct of [his] own personal knowledge."  ECF No. 23.

In opposition, Defendant contends that "genuine disputes of material fact abound in this case."  Def.'s Opp'n 1.  Noting that FCO "established that the debt exists, that it was calculated by Plaintiff's creditor, that Plaintiff is liable for it, that it conducted a reasonable investigation to verify the debt, that it never misrepresented or falsely represented the debt, and that is used lawful means to attempt to collect the debt," Defendant argues that "[a]ny one of these factual disputes is a sufficient basis upon which to deny summary judgment."  *Id.*  Defendant attaches "the Resident Ledger pertaining to Mr. Bey's rental"; a November 11, 2009 letter to Plaintiff regarding overdue rental payments; the Lease; an October 8, 2009 letter from Plaintiff terminating the Lease; Defendant's Answers to Interrogatories; and letters from Defendant to Plaintiff dated December 19, 2010, April 14, 2011, and September 1, 2011, Def.'s Opp'n Exs.

A–F, ECF Nos. 28-1 – 28-6.  The Resident Ledger shows that, as of December 1, 2009, Plaintiff owed $5,878.72.  Resident Ledger 4.  As noted, the Lease provided that it would "automatically renew month-to-month unless either party gives at least 60 days written notice of termination or intent to move out," Lease ¶ 3, and Plaintiff gave notice on October 8, 2009, Pl.'s Oct. 8, 2009 Ltr.  Defendant's Answers to Interrogatories establish that, after Plaintiff contacted FCO to dispute the debt, FCO "contacted the creditor to investigate, and they provided additional information about Plaintiff," after which "FCO mailed a verification of debt" to Plaintiff.  Answer No. 7.

Defendant also filed its own summary judgment motion, along with various supporting documents, instead of filing a cross-motion for summary judgment in compliance with this Court's Local Rules, *see* Loc. R. 105.2(c).  In addition to the exhibits that Defendant included with its Opposition to Plaintiff's Motion, Defendant submitted with its summary judgment motion the affidavit of Ms. Carroll, Plaintiff's Answers to Interrogatories, a Debt Collector Disclosure Statement, a letter from Mr. Bey disputing his debt, and an Identity Theft Victim's Complaint and Affidavit that Mr. Bey completed.  Def.'s Mem. Exs. 2–3 & 8–10, ECF No. 38-4 – 38-5 & 38-10 – 38-12.  Defendant's entire argument, beyond its recitation of the summary judgment standard, is as follows:

> Plaintiff has failed to prove his entitlement to any damages under FDCPA or FCRA.  He has failed to prove that he either paid the rent and other charges for November or December, 2009 to Riverstone [the lessor], and has failed to prove that he was not obligated to do so.  He has failed to prove that Defendant's investigation of his dispute was unreasonable.  He has failed to prove that Defendant either falsely represented or misrepresented the debt.
>
> . . . Here, the authenticated documents and affidavit of Renee Carroll [(FCO's compliance officer)] demonstrate that there is no genuine dispute as to Plaintiff's indebtedness and as to Defendant's compliance with FDCPA and FCRA.  Under these circumstances, there is no need for trial, and Defendant is entitled to judgment as a matter of law.

Def.'s Mem. 3–4.  Defendant does not reference Plaintiff's separate claims or the elements of

proof for any of Plaintiff's claims.  *See id.*  Nor does Defendant acknowledge Plaintiff's

verification of both his Complaint and his Motion, in which Plaintiff makes assertions that

directly dispute the evidence that Defendant has put forward.  *See id.*; Fed. R. Civ. P.

56(c)(1)(A).

## II.   DISCUSSION

Summary judgment is proper when the moving party demonstrates, through "particular

parts of materials in the record, including depositions, documents, electronically stored

information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or

other materials," that "there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of

Greensboro*, No. 12-1722, 714 F.3d 828, 833 (4th Cir. 2013).  If the party seeking summary

judgment demonstrates that there is no evidence to support the nonmoving party's case, the

burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute

exists as to material facts.  *See Celotex v. Catrett*, 477 U.S. 317 (1986).  The existence of only a

"scintilla of evidence" is not enough to defeat a motion for summary judgment.  *Anderson v.

Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986).  Instead, the evidentiary materials submitted must

show facts from which the finder of fact reasonably could find for the party opposing summary

judgment.  *Id.*

To prevail on a claim for relief under the FDCPA, Plaintiff must prove that "(1) [he] has

been the object of collection activity arising from consumer debt, (2) the defendant is a debt [ ]

collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission

prohibited by the FDCPA."  *Stewart v. Bierman*, 859 F. Supp. 2d 754, 759–60 (D. Md. 2012)

(citation omitted); *see Puffinberger v. Commercion, LLC*, No. SAG-13-1237, 2014 WL 120596, at *4 (D. Md. Jan. 10, 2014); *Sterling v. Ourisman Chevrolet of Bowie, Inc.*, 943 F. Supp. 2d 577, 585 (D. Md. 2013).  The FDCPA prohibits a debt collector from using "false, deceptive, or misleading representation or means," such as "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed,"  as part of its debt collection practices.  15 U.S.C. § 1692e.  The FDCPA also prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt," including collecting any amount that is not "expressly authorized by the agreement creating the debt or permitted by law."  15 U.S.C. § 1692f.

The parties do not dispute that FCO is a debt collector or that FCO has been trying to collect a consumer debt from Plaintiff.  *See id.*  But, the parties both have put forth evidence that creates a genuine dispute of material fact as to whether Plaintiff paid (and Defendant should have known that Plaintiff paid) all of his obligations under the Lease.  If Plaintiff had no debt, or less debt than Defendant contends, then Defendant's actions could have violated the FDCPA when it notified Plaintiff that "'a negative credit report may be submitted to a credit reporting agency if [he] fail[ed] to fulfill the terms of [his] credit obligations," Compl.  ¶ 64, and attempted to collect $5,579 from Plaintiff, *id.* ¶ 66.  *See* 15 U.S.C. §§ 1692e & 1692f.  Thus, a genuine dispute exists as to whether Defendant attempt to collect more than it was owed and/or communicated information to the Credit Reporting Agencies that it should have known was false, such that summary judgment is not appropriate in either party's favor on Plaintiff's FDCPA claim.

For his FCRA claim, Plaintiff must prove that Defendant, upon notification of Plaintiff's dispute as to the debt, failed to "'conduct an investigation with respect to the disputed

information,' 'review all relevant information provided by the consumer reporting agency ...,' and 'report the results of the investigation to the consumer reporting agency' within thirty days of being notified of the dispute." *Mavilla v. Absolute Collection Serv., Inc.*, ---- Fed. App'x ---- , 2013 WL 4799313, at *5 (4th Cir. Sept. 10, 2013) (quoting 15 U.S.C. § 1681s-2(b)(1)). Defendant puts forth evidence that it timely investigated and reported his debt as a debt that the consumer disputed. Carroll Aff. ¶¶ 8–9. In Plaintiff's Motion, which he verified, he argues that, because he did not have a debt, Defendant could not have investigated and reported the disputed information properly because it never reported that he was not indebted to the lessor. *See* Pl.'s Mot. ¶¶ 35–39. Because a genuine dispute exists as to whether Defendant investigated Plaintiff's debt and reported the results of the investigation to the agency, summary judgment is not appropriate in either party's favor on Plaintiff's FCRA claim.

As for defamation, Plaintiff must prove: "'''(1) that the defendant made a defamatory statement to a third person, (2) that the statement was false, (3) that the defendant was legally at fault in making the statement, and (4) that the plaintiff thereby suffered harm.'''" *Piscatelli v. Van Smith*, 35 A.3d 1140, 1147 (Md. 2012) (quoting *Indep. Newspapers, Inc. v. Brodie,* 966 A.2d 432, 448 (Md. 2009) (quoting *Offen v. Brenner,* 935 A.2d 719, 723–24 (Md. 2007))). Here, the alleged false statement is that Plaintiff had an outstanding debt. Compl. ¶ 72. Because, as discussed, a genuine dispute exists regarding whether Plaintiff has any outstanding debt under the Lease, summary judgment is not appropriate in Defendant's favor on Plaintiff's defamation claim.

## III.    CONCLUSION

Plaintiff's Motion for Partial Summary Judgment is DENIED, and Defendant's Motion for Summary Judgment is DENIED. A status call is SCHEDULED for Friday, February 14,

2014, at 10:30 a.m.  The dial-in number for this call is (877) 848-7030, the access code is 9549728, and the participant password is 021414.

A separate order shall issue.


Dated: <u>February 3, 2014</u>                          <u>            /S/            </u>
                                                        Paul W. Grimm
                                                        United States District Judge

lyb